UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**
APR 2 3 2025
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARIA IZAGUIRRE-MELENDEZ <br> a/k/a "Adela Armenta-Alvarez", <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) 4:25CR216 SRC/SPM <br> ) <br> ) <br> ) <br> ) <br> ) |

## MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Nichole Frankenberg, Assistant United States Attorney for said District, and moves the Court to order defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, Section 3141, *et seq*.

The Bail Reform Act requires that before conducting a requested detention hearing, the court is to determine that the case is eligible for said hearing under section 3142(f). Section 3142(f)(1) authorizes a detention hearing in a case involving (1) a crime of violence; (2) an offense carrying a penalty of life imprisonment or death; (3) a federal drug offense carrying a penalty of ten years or more; (4) a felony following convictions for two or more of the three foregoing offenses; or (5) any felony that is not otherwise a crime of violence that involves a minor victim, or that involves the possession or use of a firearm or destructive device or any other dangerous weapon or involves a failure to register as a sex

offender. 18 U.S.C. §3142(f)(1). In this case, Defendant is charged with illegal reentry under Title 8, United States Code, Section 1326(a), which are not one of the crimes enumerated under § 3142(f)(1).

However, the court may hold a hearing on its own motion or the government's motion in a case that involves a serious risk of flight or a serious risk that the person will obstruct or attempt to obstruct justice; threaten, injure or intimidate or attempt to threaten, injure or intimidate a prospective witness or juror. 18 U.S.C. §3142(f)(2).

On March 29, 2025, investigators with US Immigrations and Customs Enforcement (ICE), including St. Louis Enforcement and Removal Operations ("ERO"), arrested Maria Izaguirre-Melendez (a/k/a Adela Armenta-Alvarez), a Mexican national. On March 27, 2025, the defendant was arrested by the Jennings Police Department in St. Louis County for Possession of a Controlled Substance. Upon learning that she had no legal status in the United States, an ICE detainer was placed on Izaguirre-Melendez. She was subsequently transferred to ERO custody, where her identity was confirmed through fingerprint analysis.

Izaguirre-Melendez (a/k/a "Armenta-Alvarez") was previously encountered by United States Border Patrol at the Eagle Pass Port of Entry, in Eagle Pass, Texas on March 21, 2003. At that time, she falsely represented herself as a citizen of the United States orally and by presenting a birth certificate that was not hers in an attempt to enter the United States illegally. A final order of deportation was entered on March 21, 2003, and she was subsequently removed from the United States back to Mexico on or about that same date. There is no record of her re-entering the United States after having obtained the express consent of the Attorney General of the United States or the Secretary of Homeland Security to reapply for admission to the United States. Izaguirre-Melendez (a/k/a "Armenta-Alvarez") is currently in ERO custody at an ERO detention facility pending removal.

There is a serious risk that the defendant will flee should she be released. Defendant was removed from the United States in March of 2003. She has shown that she is determined to disregard the laws of

the United States generally, and her order of removal in particular, by returning without proper permission/authorization. Such an unlawful reentry after being removed raises the likelihood and risk that Defendant will flee this district if given the opportunity and that she will not willingly submit herself to prosecution. Defendant has established the fact that she does not want to remain in Mexico. The fact of the matter is that because Defendant is currently in U.S. Marshal custody, she will eventually be returned to Mexico.

The Government is unaware if Defendant has known ties to this District by way of family or employment. If granted a bond, there is nothing that will deter Defendant from fleeing the district and fleeing prosecution, while there are obvious reasons that would incentivize her to do so.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that this Court find that this case involves a serious risk that Defendant will flee, and that the United States is entitled to a detention hearing in this matter pursuant to Title 18, Unite States Code, Section 3142(f)(2)(A). Furthermore, the United States requests that this Court find that there are no conditions or combination of conditions that will reasonably assure defendant's appearance as required, and that Defendant be ordered detained prior to trial.

Respectfully submitted,

SAYLER A. FLEMING
UNITED STATES ATTORNEY

*/s/ Nichole Frankenberg*
NICHOLE FRANKENBERG, #61126MO
ASSISTANT UNITED STATES ATTORNEY
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200